**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GAVIONE TAMMERELLO** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.  05 C 466** |
| **v.** | ) | |
| **AMERIQUEST MORTGAGE COMPANY,** | ) | **HONORABLE DAVID H. COAR** |
| **a foreign corporation, and GREEN TREE** | ) | |
| **SERVICING, LLC, a foreign corporation** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Before this court are two separate motions to dismiss Plaintiff Gavione Tammarello's 15-

count complain pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated

below, the motion filed by Defendant Ameriquest Mortgage Company ("Ameriquest") is

GRANTED with respect to Counts XI, XIV, and XV and DENIED with respect to Counts IX, X,

XII, and XIII.  The motion to dismiss Counts I-VIII filed by filed by Defendant Green Tree

Servicing, LLC ("Green Tree") is GRANTED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff filed a 15-count complaint against Defendants in the Circuit Court of Cook

---

[1] Many of the facts in this opinion are taken from Plaintiff's Complaint, as is
appropriate on a motion to dismiss for failure to state a claim.  They are provided as
background to this memorandum and they do not represent a conclusive determination of fact
on any issue in this litigation. In addition, this Court also takes judicial notice of the
bankruptcy court record in *In re: Conseco, Inc. et al.,* No. O2 B 49672 (Bankr. N.D.Ill.)(Doyle,
J.).

County on December 22, 2004. Defendants filed a notice of removal to federal court on January 26, 2005. Defendants then filed separate motions to dismiss on March 31, 2005.

Plaintiff's complaint alleges, in essence, that Ameriquest engaged in unlawful conduct when it refinanced his mortgage at a much higher refinancing rate than it promised him and that Green Tree engaged in unlawful conduct when it extended Plaintiff a home equity loan that was for a much higher amount at a much higher interest rate than what he was originally promised.[2] Both Defendants, according to Plaintiff, failed to disclose key pieces of information throughout the financing process. They also rushed him through the closing, did not provide any explanation of the documents he was supposed to sign, and failed to provide him with a copy of all the documents after closing.

Plaintiff discovered the unlawful conduct after he forwarded notices he received regarding the loans to Defendants and Defendants' attorneys completed an investigation. The notices stated that his loans were in default, that the escrow account he set up using the Ameriquest loan to pay his property taxes was in the negative, and that his property taxes had been sold at tax sales.[3]

Plaintiff did not file any response to Defendants' motions to dismiss. Given that the deadline for filing a response was April 28, 2005 and Plaintiff did not file a response or request

---

[2] Green Tree was not the party with whom Plaintiff contracted. The original lender was Conseco Bank, Inc., a wholly-owned subsidiary of Conseco Finance Corporation. Conseco Bank, Inc. was dissolved as part of the Conseco Finance Corporation bankruptcy proceedings. The right to service Plaintiff's loan was purchased by CFN Investment Holdings LLC and its affiliates ("CFN"). CFN later changed its name to Green Tree Investment Holdings LLC, an affiliate of Green Tree Servicing LLC.

[3] Presumably Plaintiff wishes this Court to infer that even at the time he received the notices, he had no reason to suspect that any fraudulent conduct had occurred.

additional time to file a response, this Court determined the motions based on the record before it.[4]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a), a complaint generally need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993). In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir.1997) (*quoting Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984)).

## ANALYSIS

As a preliminary matter, Plaintiff's complaint as it relates to Defendant Green Tree (Counts I-VIII) is DISMISSED in its entirety. Based on bankruptcy court documents, it appears that Green Tree purchased the rights to servicing Plaintiff's loan free from any liability and

---

[4]Plaintiff is advised that if he intends to continue litigating this case, he is at a distinct disadvantage if he fails to refute any of Defendant's arguments. While this Court construes the complaint in favor of Plaintiff at the 12(b)(6) stage, Plaintiff may not be so fortunate in future proceedings. Consequently, it is critical that he read opposing counsels' motions and respond to them.

therefore is not a proper defendant in this case.  *See In re: Conseco, Inc. et al.*, No. 02 B 49672 (Bankr. N.D. Ill.)(Doyle, J.)(Op. March 14, 2003).

As for Ameriquest, it is a proper defendant for the remaining counts of the complaint (Counts IX-XV).  Ameriquest begins its motion to dismiss by arguing that "almost all of these causes of action" are "barred by their respective statutes of limitations."[5]

The Seventh Circuit has noted that as a "basic rule" the statute of limitations is an affirmative defense and therefore need not be addressed in the complaint.  *See Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 688 (7th Cir. 2004)(citing *U.S. Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003)); *see also United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).  Consequently, "[c]omplaints need not anticipate defenses; the resolution of the statute of limitations comes after the complaint stage."  *Id*. (citations omitted).

In *Reiser v. Residential Funding Corp.*, for example, the plaintiffs claimed that a lender violated TILA, RESPA, and the Illinois Interest Act and filed suit against a defendant that eventually purchased the plaintiffs' notes.  *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004) (citations omitted).  The defendant claimed that the federal laws claims were untimely under the one-year statute of limitations period contained in both the TILA and the RESPA.  The district court refused relief on that basis, concluding that the plaintiffs could show that the defendant's acts justified either equitable tolling or equitable estoppel.   The

---

[5]Ameriquest moves to dismiss Plaintiff's Truth in Lending Act ("TILA") claim (Count IX), his Real Estate Settlement Procedures Act ("RESPA") claim (Count X), his Illinois Consumer Fraud Act ("ICFA") claim (Count XII), his common law fraud claim (Count XIII), and his breach of fiduciary duty claim (Count XIV) on the ground that they are time-barred.

Seventh Circuit agreed, and held that "because the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Id.* at 1030 (7th Cir. 2004) (citations omitted).

The basic rule regarding statutes of limitations is subject to an exception: "[t]he statute of limitations issue may be resolved definitively on the face of the complaint when the plaintiff pleads too much and admits definitively that the applicable limitations period has expired." *See Barry Aviation*, 377 F.3d at 688 (citations omitted). But "[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss v. Bearns, Stearns & Co., Inc.,* 394 F.3d 540, 542 (7th Cir. 2005). In this case, Plaintiff has not pled himself out of court. Furthermore, it is possible that the doctrine of equitable tolling may permit Plaintiff "to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of a claim." *See Blaney v. U.S.,* 34 F.3d 509, 513 (7th Cir. 1994)(citations omitted). Or, the doctrine of equitable estoppel may enable Plaintiff to sue if it turns out that the Defendant has taken "active steps to prevent the plaintiff from suing in time.." *See id.* (citations omitted). As the Seventh Circuit has stated, "[b]oth of these '[t]olling doctrines stop the statute of limitations from running even if the accrual date has passed.'" *Id.* citing *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1990). Plaintiff's complaint does support the inference that either equitable tolling or equitable estoppel might be appropriate in this case and so Ameriquest's requests for dismissal based on statute of limitations grounds are denied. Given that Ameriquest offers no other meritorious reason why Plaintiff's TILA claim should be dismissed, its motion to dismiss Count IX of the complaint is DENIED.

Ameriquest's other grounds for dismissal of Plaintiff's RESPA (Count X), common law fraud (Count XIII) and ICFA (Count XII) claims fare no better. The only other argument that Ameriquest offers as a basis for dismissing the RESPA count is that it is predicated on a payment that is not noted on a HUD Settlement Statement. Defendant Ameriquest states "there is simply no $2,582.00 payment to KCA Financial listed on line 1502 as Plaintiff alleges." Plaintiff has, however, submitted what appears to be a version of the HUD Settlement Statement that includes the payment to KCA for $2,582.00 listed on line 1502 and so Plaintiff's RESPA claim is not dismissed at this stage. The issue of which Settlement Statement is the correct one to reference in this case is one that must be determined at a later date: at this time, it is sufficient to state that, construing all facts in Plaintiff's favor, he adequately pled that a payment was made to KCA for $2,582.00. Ameriquest's motion to dismiss Count X is DENIED.

Ameriquest argues that Plaintiff does not allege fraud with particularity such that he survives a motion to dismiss his common law fraud count and his ICFA count. Allegations of fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See, e.g., Goren v. New Vision Intl*, 156 F.3d 721, 726 (7th Cir. 1998). Allegations of fraud under the ICFA are likewise subject to the heightened Rule 9(b) pleading standard. *See, e.g., Eremon v. Grand Auto Sales, Inc.*, 351 F.Supp.2d 825, 827 (N.D. Ill. 2004); *DeLeon v. Beneficial Construction Co.*, 55 F.Supp.2d 819, 825 (N.D.Ill. 1999). Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead "all averments of fraud...with particularity." Fed.R.Civ.P. 9(b). "In order to meet the requirements of FRCP 9(b), a plaintiff must plead the 'who, what, when and where of the fraud.'" *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376 (7th Cir. 2003).

The central facts of the fraud are clearly pled in the complaint. Plaintiff alleges that Ameriquest's agent advised him during a "cold call" in or about December 1999 that he was eligible to refinance his mortgage at a rate not to exceed eight percent. Plaintiff alleges that Ameriquest continued to lead Plaintiff to believe that he would be receiving a rate not to exceed eight percent at the closing, where Ameriquest's agents "prepared the papers and instructed Plaintiff what to sign and how to proceed." That claim, Plaintiff alleges, was false and he was charged a higher rate.

The "who" is Ameriquest, through its agents. While Plaintiff fails to specifically name the agents in question, such a failure is not fatal to his complaint given that he identifies them as agents of Ameriquest, the defendant in this case.[6] *See Blaz v. Michael Reese Hosp. Found.*, 191 F.R.D. 570, 574 (N.D.Ill. 1999)(determining that the institutional identity of a telephone caller is sufficient to satisfy Federal Rule of Civil Procedure 9(b) particularity requirement). Moreover, the identity of the agents most likely is within the control of Ameriquest, given that Ameriquest has not, based on the complaint, delivered all of the closing documents to Plaintiff. It is reasonable to infer that some of those documents will have the signature of the agent or agents that misled Plaintiff regarding the interest rate. The "what" of the fraud is communicating to Plaintiff that his interest rate would not exceed eight percent when in fact Ameriquest knew the rate would exceed that amount. The "when" of the fraud is December 1999, the month when Ameriquest's agent first called Plaintiff and the communications eventually culminated in a

_____

[6] Plaintiff alleges that agents of both Ameriquest and Green Tree misled him in the same manner–by promising interest rates of no greater than eight percent–at the closing.

mortgage refinancing agreement. The "where" is the location from which the phone call was generated and the location where the closing took place.

For the reasons set above, this Court finds that Plaintiff's complaint satisfies the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Ameriquest's motion to dismiss on this basis must be denied. Ameriquest also argues that the ICFA claim should fail because it is predicated on a failed "laundry list" of federal and state statutory violations. But as noted earlier, the federal statutory violations are not dismissed. Ameriquest's motion to dismiss Counts XII and XIII is DENIED.

Ameriquest is more successful in its request that this Court dismiss Plaintiff's claim under the Illinois Interest Act, 8 15 ILCS 205/1 et seq.(Count XI). As Ameriquest correctly notes, the Seventh Circuit has held that the basis for Plaintiff's claim, 8 15 ILCS 205/4.01(a), has been repealed by implication. *See Reiser*, 380 F.3d at 1028 (determining that plaintiffs, who secured second mortgages, did not have a claim under Illinois Interest Act because it was repealed by implication). Ameriquest's motion to dismiss Count XI of Plaintiff's complaint is GRANTED.

Ameriquest also argues that Plaintiff's breach of fiduciary duty count (Count XIV) should be dismissed because no fiduciary relationship existed between Ameriquest and Plaintiff. "To state a cause of action for breach of fiduciary relationship, plaintiffs must at least allege a fiduciary duty, and a fiduciary duty must exist between the parties as a matter of law." *Stern v. Great Western Bank*, 959 F.Supp. 478, 487 (N.D.Ill. 1997)(citations omitted). Plaintiff alleges in his complaint that Ameriquest because of its status as a lender of funds had a fiduciary duty which it breached. Plaintiff's claim is not supported by case law: as a general rule, "a lender is

not considered a fiduciary of its borrower." *See id.* Nothing in Plaintiff's complaint leads this Court to believe that any exception to that general rule should apply. Ameriquest's motion to dismiss Count XIV of Plaintiff's complaint is GRANTED.

In addition, Ameriquest argues that Plaintiff's claim of a breach of the duty of good faith and fair dealing (Count XV) is improper. The Seventh Circuit has noted that there is no independent cause of action for a breach of a duty of good faith and fair dealing under Illinois law except "in the narrow context of cases involving an insurer's obligation to settle with a third party who has sued the policy holder." *See APS Sports Collectibles, Inc. v. Sports Time, Inc.,* 299 F.3d 624, 628 (7th Cir. 2002) (citing *Voyles v. Sandia Mortgage Corp.,* 751 N.E.2d 1126,1131 (2001)). Ameriquest's motion to dismiss Count XV of Plaintiff's complaint is GRANTED.

## CONCLUSION

For the foregoing reasons, Green Tree's motion to dismiss is GRANTED. Ameriquest's motion to dismiss is GRANTED with respect to Counts XI, XIV, and XV and DENIED with respect to Counts IX, X, XII, and XIII.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **June 2, 2005**